# CHARLESTON.

## DEMAIN *v.* HUSTON *et al.*

Submitted February 21, 1911.    Decided February 6, 1912.

1.    PARTNERSHIP—*Action for Dissolution—Pleading—Reply.*
       An answer to a bill for dissolution of a copartnership, claim-

ing a larger share in the firm than the bill admits, not merely a large value of an admitted share, is in substance and effect a cross-bill, to which a special reply may properly be filed. (p. 308).

2.   SAME—*Share in Profits—Presumptions.*

Persons entering into a copartnership relation, without an agreement as to their respective interests in the firm, are presumptively equal partners. (p. 311).

3.   SAME—*Existence—Sufficiency of Evidence.*

Omission of the name of one of the members of a firm from affidavits made and deeds executed and accepted by other members thereof, purporting to name all the members, do not as evidence prevail over constant and uniform recognition in other respects of the membership of the omitted person, on an issue as to whether he is a member and the extent of his interest. (p. 310).

(ROBINSON, JUDGE, dissents).

Appeal from Circuit Court, Monongalia County.

Bill in equity by Robert Henry Demain against Chauncey W. Huston and others. From a decree for complainant, defendants appeal.

*Affirmed in part.   Reversed in part.   Remanded.*

*Donley & Hatfield* and *Wm. S. John,* for appellants.

*Moreland, Moreland & Guy* and *Cox & Baker,* for appellee.

POFFENBARGER, JUDGE:

In this suit to determine the rights of the members of a copartnership, settle the accounts and dissolve it, brought by Robert Henry Demain, what interests or shares he and the other members have is the important question.   Claiming a one-half interest and conceding the other half to Chauncey W. Huston, he brought the suit against him alone.   After the entry by agreement of an order of reference, Huston filed an answer, asserting membership of his father, Samuel P. Huston, in the firm and ownership of a one-third interest therein on the part of his father and another third on the part of himself, and conceding the remaining third to the plaintiff.   A general and special replication was filed to this answer.   At or about the

same time, Demain filed an amended bill to which Samuel P. Huston was made a party and in which he still claimed a one-half-interest, conceding that originally the firm had consisted of himself and Samuel P. Huston, and that subsequently Chauncey W. Huston had been admitted into it, but denying any abatement of his own half-interest on the admission of Chauncey W. Huston. The matter contained in this amended bill is substantially the same as that set forth in the special replication. To this bill, the two defendants filed a joint and separate answer. This was also replied to generally and specially. In these pleadings, the entire history of the transactions of the parties is set forth, and the issue already stated raised, upon which a considerable amount of evidence was taken and filed, and the court entered a decree, declaring Demain entitled to a one-half interest and the two defendants to a one-fourth interest each. From it the latter have appealed.

The overruling of motions to strike out the special replications to the answers is assigned as error, upon the theory that the answers are not in effect cross-bills, praying affirmative relief. As they assert a larger interest in the firm on the part of the defendants than the bills admit, we are of the opinion that they are in effect cross-bills in so far as they claim such larger interests and aver facts in support of the claim. We are not unmindful of the general rule that, in the settlement of partnership accounts, the rights of the parties may be adjusted and settled on the allegations of the bill, but, ordinarily, there is no controversy as to the interests of the parties. Here the bill does not admit certain averments of fact upon which the defendants found their claims. On the contrary, it denies their claim to two-thirds of the assets, after the payment of debts, and the allegations upon which that claim rests. The answers demand something the bill does not admit. It stands upon the averments of the answer and not upon the allegations of the bill. Hence, we think the case is not within the general rule and the special replications were necessary.

Review of the decree complained of necessitates consideration of the following material facts About the year 1879, a copartnership was formed by Samuel P. Huston and Robert H. Demain for the purpose of doing business as carpenters and

builders, and continued until about March 1, 1888. The business of the firm was neither heavy nor extensive. It consisted largely of work charged and paid for by the day and the cost of materials furnished by them, and the income and profits were, for the most part, divided equally between the members as collections were made. There was, however, an accumulation of some firm property. They had a shop and some small pieces of real estate. According to the testimony of the two defendants, Chauncey W. Huston, the son of Samuel P. Huston, was taken into the firm on the first day of March, 1888. Demain is not positive as to the date. He says it was about 1888-90 or 91, or within a year or two of 1890. As to the terms on which he was taken in, there is controversy, he and his father testifying positively to an express agreement that the three members of the firm were to have equal interests, and Demain denying such an agreement and saying he admitted the son at the request of the father, without making any agreement with either of them as to what interest he should have. His theory seems to be that Samuel P. Huston took his son into the firm upon some agreement between them of which he had no knowledge. An expression used by Samuel P. Huston in his testimony is relied upon as an admission of an agreement in accord with the theory of the decree, but, reading it in connection with its context, we do not so interpret it. In other places, he swears positively to an agreement to a copartnership with equal third interests. The new firm has never been dissolved, but it has done very little business, if any, since about the year 1903. On the admission of the new member, they did a larger business, taking contracts for buildings and structures of various kinds, and the firm prospered. Chauncey W. Huston had sole charge of the books, contracts, collections and bank accounts and seems to have made all important estimates, purchased materials and superintended the business generally. Some of the earnings of the firm were invested in real estate which rapidly grew in value and yielded considerable profits. Demain had the outside management of the structural work, such as getting materials upon the grounds and superintending the employes in their work. Samuel P. Huston worked in their carpenter shop and in the mills from which they procured finished lumber and

materials. He had practically nothing to do with the general management of the business, and his name was dropped out of its documentary and contractual business transactions with third parties. Mechanic's liens were taken in which the affidavits to the accounts, made by Chauncey W. Huston, stated the firm consisted of himself and Robert Henry Demain. On one occasion, he made an affidavit for a continuance in an action against the firm in which he stated it consisted of himself and Demain. Some deeds for real estate were made to him and Demain as constituting the firm, and others were executed by himself and Demain as the only members of the firm. The record shows one deed executed by all three, describing themselves as partners. Demain and Chauncey W. Huston seem to have been severally engaged in real estate speculations on their individual accounts as well as in the firm name, and to have drawn considerable sums of money from the firm for that and other purposes. Samuel P. Huston, less active and energetic, seems to have required and drawn much smaller amounts, only about $300,00 a year, according to the testimony of the son. The record does not disclose in detail nor approximately how much any of them drew from the firm. The books, though demanded by Demain, have not been produced, and the record shows no application for any order from the court to compel him to produce them.

The circuit court rightly found, upon uncontradicted facts disclosed by the evidence, that the firm consisted of three members. Samuel P. Huston was an original member, and did not wholly cease from active participation in the business. He was an equal owner with Demain in such property as the firm had at the time of the admission of his son. He afterwards contributed labor with the knowledge and consent of the other members of the firm and drew money from it. Recognition of his membership was wholly undisputed and uniform during the whole period of the actual business career of the firm. That his name was dropped out of its transactions with third persons is neither conclusive against him nor very significant. *Setzer* v. *Beale*, 19 W. Va. 274. Though an actual contract or agreement of co-partnership among the members of the firm is essential to the existence of the relation, it need not be in any par-

ticular form. It may be verbal as well as written and inferred from conduct when not expressed in terms. *Selzer* v. *Beale,* cited. The omission of Samuel P. Huston's name by his co-partners from affidavits, deeds and other documents is not suffi-cient to overcome the force and effect of the acts and conduct of the parties in relation to their business. *Sezter* v. *Beale,* cited.

After the admission of Chauncey W. Huston into the firm it consisted of three members, and in the absence of an agree-ment to the contrary, they were presumptively equal partners. *Williamson & Co.* v. *Nigh,* 58 W. Va. 629; *Clark* v. *Emory,* 58 W. Va. 637; *Berry* v. *Colburn,* 65 W. Va. 493. In our opin-ion, the evidence does not overthrow this presumption. There was either no agreement as to the relative interests of the part-ners or there was an agreement for equal interests, if we are governed by the testimony of the parties as to what took place at the inception of the copartnership relation, and each of these theories conforms to the presumption. Most of the other ev-idence, relied upon by the appellee, tends to prove the firm con-sisted of only two members, a theory it does not suffice to estab-lish. Moreover, this is not consistent, for we find one deed in which all three of the parties united, describing themselves as partners, constituting the firm of Huston and Demain. The proceeds of sale of one piece of firm real estate were equally di-vided between Chauncey W. Huston and Demain, but this transaction is not shown to have been part of a settlement of the firm accounts or distribution of profits. It is perfectly con-sistent with the theory of drafts by these members upon the firm assets, and there is evidence tending to show Demain need-ed at the time just about the amount he so received. All agree that there never has been a settlement or formal distribution of profits among them. The principal facts and circumstances are in agreement with the legal presumption. Chauncey W. Huston seems to have been the most important and valuable man in the firm. He alone had the capacity to keep the books and make estimates for large contracts. Demain had charge of the out-side work as he had formerly had it. Samuel P. Huston con-tinued in charge of the shop and mill work. The duties and services of the two old members of the firm were in the new

firm about what they had been in the old, when no book-keeping or estimating of any consequence was necessary. Young Huston came in and performed duties for the new firm, essential to its augmented business and larger undertakings, which had not previously been done and which neither of the original members had the capacity to · do. It is hardly conceivable that this man of far greater business capacity than Demain should give the firm fifteen years of his services with the expectation of realizing only half as much as Demain, or that his father gave that period of service for his "board and clothes," and these to be a charge upon his son's interest and reduce it below Demain's.

The order of reference entered by consent on the original bill, in advance of the filing of the answer thereto, was not an irrevocable adjudication of the rights of the parties, if any at all. It does not expressly declare or even recite their respective interests, and any implication arising from the reference is over come by express reservation of leave to answer and make full defense. Again, the decree was rendered in the absence of a necessary party.

Though we always hold in highest esteem the opinion of the learned judge who rendered the decision, we are unable to adopt his conclusion, and must reverse the decree, in so far as it determines the interests of the parties, and here adjudge, order and decree that Robert Henry Demain, Samuel P. Huston and Chauncey W. Huston constitute the firm of Huston and Demain and have equal interests therein, one-third each. In all other respects, the decree will be affirmed and the cause remanded. *Affirmed in part. Reversed in part. Remanded.*